**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MARSHALL KINNEY,
Plaintiff-Appellant,

v.                                                            No. 95-1064

WASHINGTON GAS LIGHT COMPANY,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CA-94-1269-A)

Argued: March 4, 1996

Decided: April 22, 1996

Before NIEMEYER and MOTZ, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Robert L. Bell, LAW OFFICES OF ROBERT L. BELL,
Washington, D.C., for Appellant. Karen B. Pancost, WASHINGTON
GAS LIGHT COMPANY, Washington, D.C., for Appellee. **ON
BRIEF:** L. Edward Funk, WASHINGTON GAS LIGHT COM-
PANY, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Marshall Kinney brought this employment discrimination action against his employer, Washington Gas Light Company, alleging that he was denied four promotions on the basis of his race. The district court granted summary judgment to the employer finding that Kinney had not established a prima facie case of employment discrimination or retaliation.[1] Finding no reversible error, we affirm.

I.

Kinney, an African-American male, has been an employee of Washington Gas Light since 1970. Kinney began with the company as a janitor and has been promoted several times to his current position as Mail and Repographics Supervisor, in which he earns $42,800 per year. Notwithstanding his promotions over the years, Kinney asserted that the company has a discriminatory "glass ceiling" inhibiting the advancement of racial minorities. In particular, he complained of Washington Gas Light's failure to post certain openings in violation of its own posting policies. He alleged that the company has discriminated against him in refusing to promote him to supervisor positions in the following four areas: (1) Procedures, Training and Administrative Services, (2) Posting Section, (3) Advertising and (4) Maintenance Control. In addition, Kinney also asserted that the company retaliated against him for filing complaints with the Equal Employment Opportunities Commission (EEOC).

_____

[1] The district court also granted summary judgment to Washington Gas Light on Kinney's claims of intentional infliction of emotional distress and breach of contract; Kinney does not appeal the resolution of those claims.

After the company moved for summary judgment, Kinney submitted an affidavit pursuant to Fed. R. Civ. P. 56(f), asking the district court for an opportunity to conduct discovery. The district court refused to order discovery and instead granted summary judgment to the company. Kinney claims that, given an opportunity to conduct discovery, he could have substantiated his claims that (1) he was qualified for the positions he sought and (2) the company's failure to post three of the positions was a result of intentional discrimination against African-Americans.

Washington Gas Light maintains that Kinney needed no discovery to establish his own qualifications for the positions he sought or to establish whether he had applied for these positions. The company asserts that these facts were within Kinney's knowledge and that Kinney failed to establish that he was qualified for, or applied for, any of the positions involved in this suit. Furthermore, Washington Gas Light argues that its decision not to post three of the openings, all of which assertedly arose because of reorganizations or up-grades, was neither motivated by racial animus nor had a racially discriminatory impact. The company notes that one of the four positions, Supervisor of Advertising, was filled by an African-American, and moreover, that Kinney himself received his last promotion through a reorganization plan opening that was not posted.

Because Kinney failed to establish he was qualified for any of the four positions -- and no discovery would have assisted him in establishing this -- we affirm the district court's order granting summary judgment to the company.

II.

Under McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), if a plaintiff establishes a prima facie case of employment discrimination, this creates an inference of discrimination. Furnco Construction Corp. v. Waters, 438 U.S. 567, 577 (1978). Thus, once the plaintiff makes a prima facie case, the McDonnell Douglas inquiry moves to a second level where the burden shifts to the employer to "articulate some legitimate, nondiscriminatory reason for the employee's rejection." 411 U.S. at 802. If the employer meets this burden, the inquiry moves to a third and final level. The presumption gener-

3

ated by the prima facie case "drops out of the picture" and the employee must produce some additional evidence of intentional discrimination. St. Mary Honor Ctr. v. Hicks, ___ U.S. ___, 113 S.Ct. 2742, 2749 (1993). At the third level, the employee must demonstrate that the nondiscriminatory reason articulated by the employer is pretextual and unworthy of belief. Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

In the instant case, we need not move beyond the first level of the McDonnell Douglas inquiry because Kinney has failed to establish a prima facie case of employment discrimination. To establish a prima facie case, under McDonnell Douglas, the plaintiff must carry the initial burden of showing that (1) he belongs to a protected class, (2) he applied for and was qualified for a position, (3) he was rejected despite his qualifications and (4) "the position remained open and the employer continued to seek applicants from persons of complainant's qualifications." McDonnell Douglas Corp., 411 U.S at 802.[2]

Kinney has failed to meet the second element of the prima facie test; he has failed to demonstrate that he was qualified for any one of the four positions involved in this case. By affidavits and exhibits (the written job descriptions), the company established the qualifications for each of the four positions at issue here and Kinney's lack of these qualifications. The supervisor position in Procedures, Training and Administrative Services required experience in customer and appliance services; Kinney had no such experience. The position in the Posting Section required a minimum of six years experience in the Distribution Department; Kinney had no experience in the Distribution Department whatsoever. The Advertising position called for expertise in the client and agency aspects of advertising; Kinney had no advertising experience. Finally, the Maintenance Control position required experience in natural gas and four year's experience directly involved in distribution operations; Kinney had no experience in those areas.

_____

[2] A plaintiff can also demonstrate a prima facie case of race discrimination by direct evidence of discrimination, however Kinney offered no such direct evidence here and makes no claim that he has established his claim in this manner.

4

In response to the company's evidentiary showing as to the requirements for the four positions at issue here and Kinney's failure to meet these requirements, Kinney filed a Rule 56(f) affidavit. Most of that affidavit is devoted to assertions as to Washington Gas Light's posting policy -- an issue we need not and do not address. However, in his Rule 56(f) affidavit, Kinney also stated generally that he was "fully qualified" for each position. Significantly, Kinney did not (and does not) assert that he had the specific qualifications sought by his employer for these four positions. Rather, Kinney apparently maintains that had he been given an opportunity to conduct discovery, he would have been able to show that the stated required qualifications were not necessary for success in the four positions. For this reason, Kinney argues on appeal that the district court erred in denying his Rule 56(f) motion.

The problem with this argument is that no amount of discovery would help Kinney establish a prima facie case because no amount of discovery could imbue him with the stated qualifications for the four supervisory positions. The company may have required more qualifications, more experience in the field, for these supervisory positions than was absolutely essential to success as a supervisor. However, an employer is entitled to do this. Furthermore, the company submitted affidavits indicating that the individuals selected for each of the positions at issue here did have the stated qualifications required for the job. Although Kinney generally asserted that one of the new supervisors (an African-American woman) was "not qualified" -- he does not claim that she (or any of the other new supervisors) lacked the stated qualifications that the company required for the position.

Because Kinney had all information as to his qualifications available to him, there was no need for additional discovery on this issue. His inability to create even a genuine issue of material fact as to whether he possessed the required qualifications means his failure to promote claim must fail.

III.

For similar reasons, Kinney's claim of retaliation also fails. Kinney contends that he did not receive the four promotions as a result of retaliation for filing claims against Washington Gas Light with the

5

EEOC. To establish a prima facie case of retaliation, a plaintiff must show that (1) he engaged in protected activity, (2) his employer took some adverse action against him and (3) a causal connection existed between the protected activity and the adverse action. Ross v. Communications Satellite Corp., 759 F.2d 355, 365 (4th Cir. 1985). Kinney failed to meet the third prong of the prima facie test because he could not establish that the adverse action would not have occurred "but for" his protected activities. Id. Given that Kinney was not qualified for the positions at issue here, he cannot demonstrate that filing claims with the EEOC was the reason the company decided not to promote him. Therefore, the district court properly granted the company summary judgment on Kinney's claim of retaliation.

AFFIRMED

6